Argued and submitted April 4, reversed and remanded for reconsideration on petition; cross-petition dismissed July 25, reconsideration denied November 28, petition for review denied December 18, 1990 (311 Or 13)

## NICOLAI-MORGAN PRODUCTS CO.,
*Petitioner - Cross-Respondent,*

*v.*

## EMPLOYMENT DIVISION,
*Respondent - Cross-Petitioner,*

*and*

## Jeffrey L. MEACHAM,
*Respondent - Cross-Respondent.*

(89-AB-524-A; CA A60998)

795 P2d 598

David J. Riewald, Portland, argued the cause for petitioner - cross-respondent. With him on the brief were Lester V. Smith, Jr. and Bullard, Korshoj, Smith & Jernstedt, P.C., Portland.

Diane S. Lefkow, Assistant Attorney General, Salem, argued the cause for respondent - cross-petitioner. With her on the brief were David B. Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Martha C. Evans, Eugene, argued the cause for respondent - cross-respondent. With her on the brief was DePaolis, Evans, Shepard & Vallerand, Eugene.

Before Graber, Presiding Judge pro tempore, and Joseph, Chief Judge, and Edmonds, Judge.

GRABER, P. J. pro tempore

Edmonds, J., dissenting.

**GRABER, P. J.** pro tempore

Employer seeks review of a decision of the Employment Appeals Board (EAB) that allowed unemployment benefits to claimant. Employer argues that claimant was disqualified from receiving benefits during a strike. We reverse and remand for reconsideration.[1]

Claimant worked for employer as a door inspector. He belonged to the Western Council of Industrial Workers, Local 3035 (union). After a collective bargaining agreement between employer and the union expired and negotiations for a new contract broke down, the union called a strike. Claimant attended two union meetings during the strike and received payments from the union's strike fund for walking the picket line. Although work was available to him had he crossed the picket line, he refused, because of his union membership. He did not resign from the union or employer. He testified that he continued his union membership in order to receive union-provided medical insurance.

Shortly after the strike began, claimant obtained employment with D & D Builders for two or three weeks. Thereafter, he worked for J. C. Penney as a finish carpenter. That employment lasted about four months, until claimant was laid off for lack of work. He then applied for unemployment benefits.

The referee denied benefits, on the ground that claimant was unemployed due to a labor dispute in active progress at employer's premises. On review, EAB reversed.

■     EAB erred, first, by applying the wrong legal standard to reach the conclusion that claimant was qualified for benefits. ORS 657.200(1) provides:

"An individual is disqualified for benefits for any week with respect to which the assistant director finds that the unemployment of the individual is due to a labor dispute which is in active progress at the factory, establishment or other premises at which the individual is or was last employed *or at which the individual claims employment rights by union agreement or otherwise.*" (Emphasis supplied.)

---

[1] Employment Division has filed a cross-petition that supports employer's argument. In view of our disposition of the petition, we dismiss the cross-petition as moot.

EAB held:

> "The claimant's work with the above employer came to an end when the union began a strike on July 11, 1988. After the commencement of the strike, the claimant had subsequent employment with two different employers. The instant employer was not the claimant's last employer. Because the above employer was not the place where the claimant was last employed, his unemployment was not due to the labor dispute which is in active progress with the above employer. * * * In the instant case, the claimant's unemployment was not due to a labor dispute because it was not caused by the labor dispute. The claimant's unemployment was caused by the fact that he was laid off from J. C. Penney due to a lack of work. The fact that the claimant's unemployment occurred in the course of a labor dispute that was in active progress at a place where he formerly worked is not, in and of itself, disqualifying."

That analysis is deficient, because the statute provides two alternatives. A claimant is disqualified if unemployment is due to a labor dispute *either* at claimant's last employer *or* at the premises "at which the individual claims employment rights[.]" ORS 657.200(1). That statute expressly contemplates that an individual can be disqualified from receiving unemployment benefits when the labor dispute continues at a *former* employer *if* the claimant still claims employment rights there. In essence, the struck employer is deemed to be the "current" or most recent employer for the purpose of the statute, even though the claimant has worked elsewhere in the meantime. ORS 657.200(1) precludes individuals from receiving unemployment benefits when they are striking, even if they obtain other interim, temporary employment, and thereby furthers the goal of state neutrality in labor disputes. EAB's reading renders the last clause of ORS 657.200(1) meaningless.

The first pertinent inquiry, then, is the reason for claimant's original unemployment. *See Adams v. Employment Division,* 78 Or App 570, 574, 717 P2d 1199 (1986). EAB found that his original unemployment was due to the labor dispute; but for his participation in the strike, employer would have continued to employ him. That finding is supported by substantial evidence in the record.

The second inquiry is whether claimant "claims

employment rights by union agreement or otherwise" with employer. ORS 657.200(1).[2] EAB found:

"[T]he evidence in this record does not establish that the individual claimed any employment rights with this employer, either through his union agreement or otherwise. The only testimony in this regard is the claimant's uncontroverted testimony that he maintains his union membership merely to continue medical coverage for he [sic] and his family."

That statement is not supported by substantial evidence.

There is no statutory definition of "employment rights." In the absence of a statutory definition, we construe a term in accordance with its ordinary meaning. *Naumes of Ore. v. Employment Div.*, 23 Or App 57, 541 P2d 141, *rev den* (1975). A right to re-employment is an employment right in the ordinary sense; so is a right to have access to re-employment determined on the basis of accumulated service or seniority.[3] Neither does the statute define what it means for the individual to "claim" employment rights. Again, using the ordinary meaning of the word, to "claim" an employment right means simply to assert entitlement to it. The statute does not require that the individual have made a formal demand.

Contrary to EAB's finding, there *was* other testimony "in this regard." Claimant testified that he had attended two strike meetings, that he had not resigned from employer, and that he retains some seniority rights there, albeit not very favorable seniority rights:

"I haven't been at Nicolai very long. With all the people that they could hire back - 290 people - or 280 people out of the 300 [who went on strike] - and by seniority I still wouldn't be asked to go back. I'm only up about ten from the bottom of the

---

[2] There is substantial evidence in the record to support EAB's finding that employer's are not the "premises at which [claimant] is or was last employed." ORS 657.200(1). Claimant does not assert that he requalified for benefits under ORS 657.200(3) by demonstrating that neither he nor any member of the grade or class of workers of which he was a member financed, participated in, or had an interest in the strike. *See Adams v. Employment Division, supra,* 78 Or App at 574-75.

[3] Employer argues that medical insurance is an employment right. EAB found that the union, not employer, provided medical benefits. The record contains substantial evidence to support that finding. Medical benefits provided solely by the union are not "employment rights" within the meaning of ORS 657.200(1).

list, so they can - you know, they don't even have room for 290 people to go back in there today * * *."

Claimant's testimony is ambiguous. It could mean that he still considers himself a Nicolai-Morgan employee but that he took a temporary job elsewhere as an interim measure; it would be permissible to infer that he asserts entitlement to an employment right. On the other hand, claimant's testimony could mean that he has abandoned any claim to re-employment. EAB apparently did not consider his testimony regarding his possible claim of a right to re-employment based on seniority. On remand, EAB must determine whether claimant claims rights of re-employment or seniority with employer.

Reversed and remanded for reconsideration on petition; cross-petition dismissed.

**EDMONDS, J.,** dissenting.

I agree with the majority that there is substantial evidence to support EAB's finding that claimant's unemployment was caused by a labor dispute at premises other than where he was last employed. The majority correctly identifies both inquiries under ORS 657.200(1), but then misreads the record. It first states that EAB erred "by applying the wrong legal standard * * * because the statute provides two alternatives." 102 Or App at 580. In fact, EAB recognized that there are two inquiries under ORS 657.200(1) when it held that "employer was not the claimant's last employer" and then said:

"Additionally, the evidence in this record does not establish that the individual *claimed* any employment rights with this employer, either through his union agreement or otherwise." (Emphasis supplied.)

The majority states:

"Neither does the statute define what it means for the individual to 'claim' employment rights. Again, using the ordinary meaning of the word, to "claim" an employment right means simply to assert entitlement to it. The statute does not require that the individual have made a formal demand." 102 Or App at 582.

I agree that the ordinary meaning of the word "claim" should be employed in construing ORS 657.200(1) and that, in that

context, the statute requires that a claimant assert entitlement to an employment right. However, the majority is wrong when it states that the Board's finding that claimant made no "claim" of employment rights is not supported by substantial evidence. The fact that claimant attended two strike meetings, that he had not resigned from employer and that he may have had some seniority rights is not evidence that he asserted employment rights, but only evidence that he recognized there might be some employment rights that he retained and were available to be asserted. ORS 657.200(1) requires more than the mere existence of employment rights. There is no evidence that claimant ever claimed or asserted those rights during the period that he was off work because of the labor dispute.

For these reasons, I would affirm the Board and, therefore, dissent.